IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 3 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01400-BNB

JOHN J. DAHMER,

      Applicant,

v.

SUSAN JONES (Warden CCF), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER OF DISMISSAL

---

      Applicant, John J. Dahmer, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Centennial Correctional Facility.  Mr. Dahmer initiated this action by filing *pro se* on May 26, 2011,  an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his Colorado conviction in Arapahoe County District Court Case No. 99CR2227.  ECF No. 1 is an example of the convention the Court will use to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF).  The Court will use this convention throughout this order.  Mr. Dahmer has paid the $5.00 filing fee in a habeas corpus action.

      On June 10, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness

under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  *See* ECF No. 2.  On June 23, 2011, Respondents submitted their pre-answer response.  *See* ECF No. 5.  On July 15, 2011, Mr. Dahmer filed a reply to the pre-answer response.  *See* ECF No. 6.  On September 14, 2011, Magistrate Judge Craig B. Shaffer ordered Respondents to supplement the pre-answer response.  *See* ECF No. 8.  On September 27, 2011, Respondents filed their supplemental pre-answer response.  *See* ECF No. 9.

The Court must construe Mr. Dahmer's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Dahmer pleaded guilty pursuant to a global disposition encompassing six separate cases.  In No. 99CR2227, the conviction he challenges here, he pleaded guilty to second-degree assault.  On January 26, 2001, he was sentenced to twelve years in prison, plus mandatory parole.  *See* ECF No. 5 (pre-answer response), ex. 1 (state court register of actions) at 16; ex. 2 (*People v. Dahmer*, No. 05CA0747 (Colo. Ct. App. Aug. 23, 2007)) at 3.  Mr. Dahmer did not file a direct appeal.

On April 25, 2001, Mr. Dahmer filed a motion for reconsideration pursuant to Colorado Rule of Criminal Procedure 35(b), which the trial court denied on August 22, 2001.  *See* ECF No. 5 (pre-answer response), ex. 1 (state court register of actions) at

2

16. He did not appeal.

On March 3, 2003, Mr. Dahmer filed a Colo. R. Crim. P. 35(c) motion alleging that his sentence was illegal and he had received ineffective assistance of counsel. *Id.* Following hearings, the trial court denied his illegal sentence claim, *id.* at 13, and granted his ineffective-assistance-of-counsel claim in part. *Id.* at 9. On February 22, 2006, the trial court ruled that Mr. Dahmer was entitled to appeal his sentence directly due to his counsel's failure to file a notice of appeal. *See* ECF No. 5 (pre-answer response), ex. 3 (opening brief) at 22, ex. 4 (answer brief) at 13. The Colorado Court of Appeals affirmed. *See* ECF No. 5 (pre-answer response), ex. 2. On December 19, 2007, the Colorado Supreme Court denied certiorari review. *See* ECF No. 5 (pre-answer response), ex. 1 (state court register of actions) at 9.

Starting on April 28, 2008, Mr. Dahmer then filed motions for reduction of sentence, *id.* at 8-9, which the trial court denied on June 14, 2010. *Id.* at 7-8. On May 26, 2011, Mr. Dahmer submitted the instant habeas corpus application asserting that his sentence was aggravated illegally.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing

3

an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Dahmer's criminal case became final. The final sentence in Mr. Dahmer's criminal case was entered on January 26, 2001. Because Mr. Dahmer did not file a direct appeal, the Court finds that his conviction became final on March 12, 2001, forty-five days after he was sentenced. *See* Colo. App. R. 4(b). As such, the one-year statute of limitations appears to have began to run on March 13, 2001, the next business day after the conclusion of the time to appeal.

The Court next must determine whether any of Mr. Dahmer's state court post-conviction motions tolled the one-year limitation period. Pursuant to § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while

4

the motion is pending.  The issue of whether a post-conviction motion is pending is a matter of federal law.  *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, the limitations period ran for 44 days before Mr. Dahmer filed his first request for postconviction relief on April 25, 2001.  Mr. Dahmer then had 45 days from August 22, 2001, when the trial court denied the postconviction motion, until October 6, 2001, to seek an appeal under state law.  *See Gibson*, 232 F.3d at 804, *see also* Colo. R. App. P. 4(b).  He failed to do so.  As such, the limitations period began to run on October 7, 2001, and expired 321 days later on August 24, 2002.  Mr. Dahmer did not file his second request for post-conviction relief until March 3, 2003.

Because the one-year limitation period expired before Mr. Dahmer filed his second motion for post-conviction relief, Respondents argue that the motion, and any subsequent motions, could not have tolled the one-year limitation period.  *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).  Therefore, they further argue, the habeas corpus application appears to be time-barred.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Dahmer bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

In his reply (ECF No. 6) to the pre-answer response, Mr. Dahmer contends that the one-year limitation period should be equitably tolled because the trial court ruled on February 22, 2006, in response to his Colo. R. Crim. P. 35(c) motion filed on March 3, 2003, that he was entitled to appeal his sentence directly due to his counsel's failure to file a notice of appeal. In the September 13, 2011, order for Respondents to supplement their pre-answer response, Magistrate Judge Shaffer recounted Mr. Dahmer's argument, and directed Respondents to supplement their time-bar argument in light of the holding in *Jimenez v. Quarterman*, 555 U.S. 113 (2009).

In their supplemental pre-answer response, Respondents noted that the petitioner in *Jimenez* was granted leave by the Texas Court of Criminal Appeals to file

an untimely appeal of his conviction, and thereafter filed an appeal.  *See Jimenez*, 555

U.S. at 116.  In *Jimenez*, the United States Supreme Court held:

> [W]here a state court grants a criminal defendant the
> right to file an out-of-time direct appeal during collateral
> review, but before the defendant has first sought federal
> habeas relief, his judgment is not yet "final" for the purposes
> of § 2244(d)(1)(A).  In such a case, "the date on which the
> judgment became final by the conclusion of direct review or
> the expiration of the time for seeking such review" must
> reflect the conclusion of the out-of-time direct appeal, or the
> expiration of the time for seeking review of that appeal.

*Id.* at 121.

Here, the trial court concluded that Mr. Dahmer's attorney erroneously had

deprived him of his direct appeal and ruled "if the defendant's current appeal does not

resolve his sentencing issues, he has the right to perfect a new appeal on the issues

relevant to the sentencing phase of the hearing only."  *See* ECF No. 5 (pre-answer

response) ex. 2 (*People v. Dahmer*, No. 05CA0747, slip op. at 2) at 2.

But, as the Colorado Court of Appeals observed, Mr. Dahmer did not request

leave to file an untimely appeal.  *See id.* at 4-5.  Pursuant to the trial court's ruling, Mr.

Dahmer was required to seek leave from the Colorado Court of Appeals to file a late

appeal.  The Colorado appellate courts, not the trial court, determine whether to accept

an untimely appeal.  *See* Colo. App. R. 26(b); *see also People v. Baker*, 104 P.3d

893, 896-97 (Colo. 2005); *People v. Hill*, No. 08CA1326, 2011 WL 1797178 (Colo. Ct.

App. May 12, 2011), *cert denied*, No. 11SC439, 2011 WL 4018161 (Colo. Sept. 12,

2011).

Because Mr. Dahmer did not seek, and was not granted, leave to file an untimely

appeal by the Colorado appellate courts, the date on which his conviction become final for purposes of § 2244(d) remained March 12, 2001, which is forty-five days following his sentencing on January 26, 2001.  Therefore, under § 2244(d), Mr. Dahmer is time-barred from filing a federal habeas corpus action in this Court.  Because the action is time-barred, the Court will refrain from addressing whether Mr. Dahmer has exhausted his state court remedies.  Accordingly, it is

ORDERED that the application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  13th  day of ____October____, 2011.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 11-cv-01400-BNB

John J Dahmer
Prisoner No.  108153
Centennial Correctional Facility
PO Box 600
Cañon City, CO 81215

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on October 13, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk